## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KNIGHT SPECIALTY INSURANCE COMPANY, | No. 4:24-CV-00465 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| INSA, INC., | |
| Defendant. | |
| INSA, INC., | |
| Third Party Plaintiff, | |
| v. | |
| QUADSCORE INSURANCE SERVICES, | |
| Third Party Defendant. | |

### MEMORANDUM OPINION

### JULY 25, 2025

## I.    BACKGROUND

On February 17, 2025, Insa, Inc. ("Insa") filed a Motion to Compel Discovery, which the Court partially disposed of in its May 20, 2025 Memorandum Opinion. The Court then ordered Knight Specialty Insurance Company ("Knight Specialty") to file various documents for *in camera* review. As the Court is in receipt of those documents and has now performed that review, the remaining aspects of Insa's

Motion to Compel are ripe for disposition. For the reasons that follow, the Motion

to Compel is granted in part and denied in part.

## II.    DISCUSSION

### A.    The Attorney-Client Privilege

"The attorney-client privilege is a statutory right afforded to clients in civil

cases."[1] "Its purpose is to protect communications between a client and the client's

legal counsel so that information can be conveyed freely during the preparation of a

legal matter."[2] When the client is a corporate entity, "the privilege extends to

'communications between [the entity's] attorneys and agents or employees

authorized to act' on the entity's behalf."[3] The Pennsylvania Superior Court has

identified the following elements for the privilege to apply: (1) "The asserted holder

of the privilege is or sought to become a client; (2) [t]he person to whom the

communication was made is a member of the bar of a court or his subordinate;  (3)

[t]he communication relates to a fact of which the attorney was informed by his

client, without the presence of strangers, for the purpose of securing either an opinion

of law, legal services or assistance in a legal matter, and not for the purpose of

---

[1]    *King v. Kappa Sigma Fraternity*, 331 A.3d 695, 701 (Pa. Super. Ct. 2025).
[2]    *Id.*
[3]    *Id.* (quoting *BouSamra v. Excela Health*, 210 A.3d 967, 983 (Pa. 2019)).

committing a crime or tort; and (4) [t]he privilege has been claimed and is not waived by the client."[4]

"[T]he party asserting the attorney-client privilege has the initial burden of showing that the privilege has been properly invoked."[5] "If the trial court finds that the proponent of the privilege has set forth facts which make it applicable, then the burden shifts to the party seeking disclosure of the communication to produce facts which would make it discoverable."[6]

## B.    The Work Product Doctrine

Federal Rule of Civil Procedure 26(b)(3)(A) provides that materials "prepared in anticipation of litigation or for trial by or for another party or its representative" are not "[o]rdinarily" discoverable.[7] "The purpose of the work-product doctrine differs from that of the attorney-client privilege."[8] "Protecting attorneys' work product promotes the adversary system by enabling attorneys to prepare cases without fear that their work product will be used against their clients."[9] "Under either Rule 26 or [*Hickman v. Taylor*], the party invoking the work product doctrine has

---

[4]    *Id.* at 701-702 (citing *Ford-Bey v. Pro. Anesthesia Servs. of N. Am., LLC*, 229 A.3d 984, 990-91 (Pa. Super. 2020)).
[5]    *Id.*
[6]    *Id.*
[7]    FED. R. CIV. P. 26(b)(3)(A).
[8]    *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1427-28 (3d Cir. 1991).
[9]    *Id.* (citing *Hickman v. Taylor*, 329 U.S. 495, 510-11, 67 S. Ct. 385, 393-94, 91 L.Ed. 451 (1947) and *United States v. AT&T*, 642 F.2d 1285, 1299 (D.C. Cir. 1980)).

the burden of proving it applies."[10] "Once that burden has been met, protected work prepared in anticipation of litigation must be produced only under very limited circumstances and opinion work product is 'afforded near absolute protection from discovery.'"[11]

But "[t]he question [of] whether a document was prepared in anticipation of litigation is often a difficult factual matter."[12] The United States Court of Appeals for the "Third Circuit has stated that a document is created in anticipation of litigation when, 'in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation.'"[13] "In applying this test, courts must look to 'the state of mind of the party preparing the document or . . . the party ordering preparation of the document.'"[14] "This inquiry is limited by the requirement that the party's anticipation of litigation be objectively reasonable."[15]

### C.    Analysis

Despite affording Knight Specialty an additional opportunity to explain its claims of privilege, it has declined to do so to any degree of specificity. Due to this,

---

[10]    *EFG BNK AG v. Lincoln National Life Ins. Co.*, 593 F. Supp. 3d 225, 229 (E.D. Pa. 2022) (citing *Serrano v. Chesapeake Appalachia, LLC*, 298 F.R.D. 271, 277 (W.D. Pa. 2014)).

[11]    *Serrano*, 298 F.R.D. at 277 (quoting *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 663 (3d Cir. 2003)).

[12]    *United States v. Rockwell Int'l*, 897 F.2d 1255, 1266 (3d Cir. 1990).

[13]    *Sullivan v. Warminister Tp.*, 274 F.R.D. 147, 152 (E.D. Pa. 2011) (quoting *Rockwell Int'l*, 897 F.2d at 1266).

[14]    *Id.* (quoting *Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1260 (3d Cir. 1993)).

[15]    *Id.*

the Court will only deem the redactions appropriate where it is facially apparent from the document that it is protected by either the attorney-client privilege or work product doctrine.

### 1.    The Subrogation Files

The Court previously concluded that the subrogation files are relevant to Insa's discovery needs in this case as articulated in its May 20, 2025 Memorandum Opinion. Knight Specialty has not raised any argument that persuasively alters this Court's conclusion, and I will proceed directly to evaluating the validity of the asserted privileges.

### a.    Bates Nos. 7-9

Knight Specialty redacted the material in the claim notes founds on Bates Nos. 7-9 as work product and due to a lack of relevance. Without any additional information from Knight Specialty, the Court declines to view these documents as facially protected under the work product doctrine. Despite lacking this protection, the Court agrees that the redacted material is not relevant.

### b.    Bates No. 10

Knight Specialty properly redacted the material on Bates No. 10 as it concerns a privileged communication between Knight Specialty and its subrogation counsel.

### c.    Bates No. 11

Knight Specialty asserts that the redacted information in the 10/05/23 Claim Note regarding reserves is not relevant. But Insa has filed a bad faith counterclaim, thus rendering this information relevant. The Court will therefore order the disclosure of the redacted material on Bates No. 11.

### d.    Bates No. 12

Knight Specialty has redacted information on Bates Note 12 from its October 11, 2023 and October 20, 2023 Claim Notes. The redacted portion of the October 11, 2023 Claim Note is proper as it concerns a privileged communication between Plaintiff and its subrogation counsel. The same is true regarding the second redaction of the October 20, 2023 Claim Note.

But Knight Specialty only justifies the first redaction of the October 20, 2023 Claim Note by asserting its lack of relevancy and claiming it as work product. The Court views the information as relevant, and again, without any information from Knight Specialty as to when litigation objectively became contemplated, the Court does not view this document as protected by the work product doctrine. Accordingly, the Court will order the disclosure of the material in the first redaction in the October 20, 2023 Claim Note.

e.        **Bates No. 13**

The redactions found on Bates No. 13 concern the October 20, October 24, and October 25, 2023 Claim Notes. Each is discussed separately below.

The redacted portion from the October 20, 2023 Claim Note is not protected by the attorney-client privilege as it merely discussed the existence of an attorney-client relationship and the identity of the specific attorneys involved. As this Court has previously observed, "[t]he attorney-client privilege does not automatically extend to a peripheral fact regarding an attorney-client communication or the attorney-client relationship in general."[16] "In general, the facts of legal consultation or employment, client identities, attorney's fees, and the scope and nature of employment are not deemed privilege."[17] But it is irrelevant to the issues in this case and therefore the Court will not order its disclosure.

The redaction from the October 24, 2023 Claim Note is proper as it directly concerns a communication protected by the attorney-client privilege. But the redaction of the October 25, 2023 Claim Note is improper. The material is relevant, and the Court cannot conclude that litigation was contemplated when the document was prepared such that it is protected under the work product doctrine. Accordingly,

---

[16]   *Valenti v. Allstate Ins. Co.*, 243 F. Supp.2d 200, 218 (M.D. Pa. 2003).

[17]   *Id.* (citing *Humphreys v. Donovan*, 755 F.2d 1211, 1219 (6th Cir. 1985)). *See also H.T. Development, LLC v. Imperial Properties, Inc.*, No. 2007-CV-0109, 2008 WL 5657594 (D.V.I. July 29, 2008) (Cannot, Jr., M.J.) ("The name of any attorney consulted and the date of the initial consultation do not constitute privileged information.").

the Court will order the disclosure of this previously withheld portion of the October 25, 2023 Claim Note.

### f.     Bates No. 14

The redacted material from October 27, 2023 Claim Note is protected by the attorney-client privilege as it directly describes a protected communication between Knight Specialty and its counsel.

### g.     Bates No. 15

On Bates No. 15, Knight Specialty redacts four separate sections of the November 1, 2023 Claim Note. The Court agrees that the first, third, and fourth are protected by the attorney-client privilege. These redactions protect documentation of covered communications between Knight Specialty and its counsel. The material in the second redaction is simply not relevant to Insa's discovery needs.

### h.     Bates Nos. 23-24

Knight Specialty proposed three redactions on Bates No. 23 to Claim Notes from November 15 and November 16, 2023. The first redaction from the November 15, 2023 Claim Note is not protected by the attorney-client privilege as it merely identified the specific attorney involved, but again this material is irrelevant to Insa's discovery needs in this case. The second and third redactions are clearly protected by the attorney-client privilege; the redacted material directly documents Knight Specialty's communications with its counsel regarding requested legal advice and

the ongoing representation. Finally, the redactions to the November 16, 2023 Claim Note and November 20, 2023 Claim Note that are solely found on Bates No. 24 are similarly protected by the attorney-client privilege.

### i.      Bates Nos. 24-25

The November 21, 2023 Claim Note has proposed redactions on Bates Nos. 24 and 25, but Knight Specialty did not submit Bates No. 25 for *in camera* review. Accordingly, the Court assumes that Knight Specialty is only asserting its privilege claim for the portion of the November 21, 2023 Claim Note found on Bates No. 24; the redaction in that section is proper as it once again protects information documenting privileged communications between Knight Specialty and its counsel.

### j.      Bates No. 2140

The redacted material on Bates No. 2140 is not relevant to Insa's discovery needs in this case as it merely identified the attorneys involved.

### k.      Bates Nos. 2149-2150, 2247-2248, and 2256

There are three separate redactions on Bates No. 2149 and one additional redaction on Bates No. 2150. This material is identical to the proposed redactions on Bates Nos. 2247-2248 and 2256.

The first proposed redaction on Bates No. 2149 is protected by the attorney-client privilege as Knight Specialty's counsel is providing legal advice in this section. But the second proposed redaction merely protects from disclosure the fee

arrangement, which "[g]enerally" is not privileged.[18] With no explanation from

Knight Specialty as to why that is not the case, the Court orders the disclosure of

this portion of Bates Nos. 2149 and 2247.

Finally, the third proposed redaction on Bates No. 2149 and the only proposed

redaction on Bates No. 2150 are identical to the redacted information found on Bates

No. 2140, which the Court deemed not relevant.[19]

> **l.    Bates Nos. 2158-2159, 2161-2162, 2166-2167, 2265-2266, and 2336-2337**

The proposed redactions on Bates Nos. 2158-2159 are proper under the

attorney client privilege. This communication details Knight Specialty's counsel's

evaluation of the status of the matter.[20] The redactions in this section are identical to

the ones found at Bates Nos. 2161-2162, 2166-2167 2265-2266, and 2336-2337.

> **m.    Bates Nos. 2160, 2165, 2264, and 2335**

The proposed redaction on Bates No. 2160 is proper as the material is

protected by the attorney client privilege. It is also identical to the proposed

redactions on Bates Nos. 2165, 2264 and 2335. Like the material redacted on Bates

---

18    *United States v. Cedeno*, 496 F. Supp. 2d 562, 567 (E.D. Pa. 2007) (citing *In re Grand Jury Investigation (Tinari)*, 631 F.2d 17, 19 (3d Cir. 1980)).

19    This information is also properly redacted on Bates No. 2256.

20    *E.g.*, *In re Investigating Grand Jury of Phila. Cty. No. 88-00-3503*, 539 A.2d 402, 440 (Pa. 1991) ("The impact of the confidential communications is not diminished by the client's action of reducing the discussions in summary to writing for his own use and for that of his attorney.").

No. 2158-2159, this communication concerns an update on counsel's view of the case to the client.

### n.    Bates Nos. 2163-2164 and 2263

There are five proposed redactions on Bates Nos. 2163-2164. Each is properly protected by the attorney client privilege as they concern communications regarding the status of the matter and counsel's characterization of the developments. The redaction on Bates No. 2263 is identical to one proposed on Bates No. 2164, which the Court has already concluded is proper.

### o.    Bates Nos. 2169 and 2270

The proposed redactions on Bates No. 2169 are proper under the attorney client privilege as the redacted information concerns communications between Knight Specialty and its counsel regarding legal advice on this matter. This redacted material is identical to that on Bates No. 2270.

### p.    Bates Nos. 2174, 2177, 2179,2183, and 2190

The proposed redactions on Bates Nos. 2174, 2177, 2179, 2183, and 2190 contain attorney client communications that concern legal advice.

### q.    Bates Nos. 2192-2195

Knight Specialty has properly redacted attorney client communications on Bates Nos. 2192-2193 that concerned the investigation. The redacted information on

Bates Nos. 2194-2195 is identical to the redacted information on Bates Nos. 2192-2193.

**r.    Bates No. 2196**

The redacted sections of Bates No. 2196 are proper as they contain legal advice and counsel's characterization of the case to the client.

**s.    Bates No. 2200**

The first redaction on Bates No. 2200 concerns an attorney-client communication that is privileged, and the second and third set of redactions are identical to those on Bates No. 2196, which the Court already determined were proper.

**t.    Bates Nos. 2202-2203, 2223**

On Bates Nos. 2202-2203, Knight Specialty has redacted attorney client privileged information that concerns protected conversations between the subrogation counsel and the client. These redactions are identical to those found on Bates No. 2223.

**u.    Bates Nos. 2236-2237, 2239-2240, and 2243-2246**

The proposed redactions on Bates No. 2236-2237 are proper under the attorney client privilege as it encompasses a confidential communication that concerns legal advice. This observation is also true regarding the first redaction on Bates No. 2239. The remaining information redacted on Bates Nos. 2239-2240 and

the information redacted on Bates Nos. 2243-2246 is identical to that found on Bates

Nos. 2236-2237 and 2239.

### v.    Bates No. 2286

The redacted portion of Bates No. 2286 is protected by the attorney client

privilege as it is a communication between counsel that disclosed legal advice and

litigation strategy.

### w.    Bates Nos. 2323-2325, 2326-2328, and 2330-2333

The March 18, 2025 Email Chain found at Bates Nos. 2323-2325 is protected

by the attorney client privilege as it involves communications for legal advice

between counsel and Knight Specialty. Most of the redactions on Bates Nos. 2326-

2328 and Bates Nos. 2231-2333 are identical to those found on Bates Nos. 2323-

2325. The only additional redactions on Bates Nos. 2326 and 2330 are similarly

proper under the attorney client privilege as they are a continuation of the

conversation between counsel and Knight Specialty concerning legal advice.

### 2.    The Coverage Opinion

Knight Specialty asserts that the coverage opinion is protected under the

attorney client privilege. The Court's review of the coverage opinion at Bates Nos.

2351-2370 confirms that it is a privileged attorney client communication.[21] The

Court further agrees with Knight Specialty's observation that the late Honorable R.

---

[21]    From the Court's review, it also appears that this coverage opinion would be protected as attorney work product.

Stanton Wettick Jr.'s *Mueller v. Nationwide Mut. Ins. Co.* opinion is informative,[22]

and that without an assertion of an advice of counsel defense, there is no basis to

compel disclosure. Nor do I view Knight Specialty's forwarding of a Law 360 article

as sufficient to waive its claim to privilege for the coverage opinion. Accordingly,

the Court will deny this portion of Insa's Motion to Compel.

## III.   CONCLUSION

In line with the analysis above, the remaining aspects of Insa's Motion to

Compel are granted in part and denied in part.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[22]   *Mueller v. Nationwide Mut. Ins. Co.*, 31 Pa. D. & C. 4th 23 (Com. Pls. 1996).